■ LEV SHTEIMAN, Respondent, v THOSE CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, ENGLAND, and Elsewhere, Who Have Issued Insurance Coverage as to Plaintiff's Property, Defendant, GEORGE HONIG & SON, INC., Respondent, and LEVMORE-FINCH, INC., Appellant.—Order, Supreme Court, New

York County (Beverly S. Cohen, J.), entered November 26, 1990, which, *inter alia,* denied the cross-motion of defendant-appellant Levmore-Finch, Inc. for summary judgment dismissing the complaint against it as well as the cross claim asserted against it by defendant George Honig & Son, Inc., unanimously reversed, on the law, the cross-motion granted and the complaint and cross claim dismissed, without costs.

Plaintiff, an artist, commenced this action after defendant Lloyd's Underwriters denied coverage, based upon material misrepresentations on his insurance proposal (application form), on his claim for loss of and damage to some of his paintings under a $999,500 insurance policy obtained through his broker, defendant Honig. The alleged material misrepresentations regarded plaintiff's denial of any prior cancellation of insurance when, in fact, his previous insurer had issued a notice of cancellation for "excess concentration of values at one location" some two months previously and his denial that the premises would not regularly be left unattended day or night when, in fact, plaintiff left the premises unattended during an 18 day trip to California undertaken only two and one-half months after the coverage was obtained.

The complaint alleges three causes of action: the first for breach of contract against Lloyd's, while the second and third allege breach of contract, breach of warranty, misrepresentation, carelessness and negligence against Honig and its wholesale broker, defendant-appellant Levmore-Finch, a licensed excess lines broker.

The IAS court granted Lloyd's summary judgment and dismissed the complaint against it, finding material misrepresentations in the proposal, but denied Honig and Levmore-Finch's cross-motion for similar relief on the ground that plaintiff, an Israeli immigrant, claimed he was not too familiar with the language and finer points of Lloyd's proposal. In so ruling, the court found that there were issues of fact with respect to the extent Honig was involved in the preparation of the proposal and Levmore-Finch's involvement and understanding in that process.

However, it should initially be noted that there is no dispute that Lloyd's prepared the proposal and that appellant delivered it blank and without any changes to Honig for plaintiff's completion. Second, plaintiff himself admits that he had no contact with any representative of appellant when completing the application or throughout the whole process, thus making it clear that appellant issued no warranties, nor

made any misrepresentations to plaintiff. Finally, it is undisputed that appellant did not alter any of plaintiff's responses on the proposal, in particular the three answers ultimately found to constitute material representations warranting the voiding of Lloyd's policy. Moreover, appellant fully explained the issue regarding its use of the British method of abbreviating the date on its section of the proposal, *i.e.,* the first numeral indicates the day while the second indicates the month. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.